UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>    v.<br><br>NELLIE MAKAROVA CROSS,<br>    Defendant. | )<br>)<br>)<br>)<br>)   C.A. No. 23-00214-MSM-LDA<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

Before the Court is defendant Nellie Makarova Cross's Motion to Dismiss (ECF No. 9) the plaintiff United States of America's ("government") Complaint. Ms. Cross seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6). After reviewing the parties' arguments, the Court finds that the government has sustained its burden under Fed. R. Civ. P. 12(b)(6) and Ms. Cross's Motion to Dismiss is therefore DENIED.

On May 24, 2023, the government filed suit against the Ms. Cross pursuant to the provisions of 31 U.S.C. § 3711(g)(4)(C). The government seeks a judgment for $88,593.10, plus statutory additions and is alleging that Ms. Cross failed to pay assessments made against her by the Secretary of the Treasury that resulted from her failure to file FinCEN Form 114 ("FBAR"), as required by 31 U.S.C. § 5314, for calendar years 2014 through 2019.[1]

---

[1] 31 U.S.C. § 5314 provides:
(a) Considering the need to avoid impeding or controlling the export or import of monetary instruments and the need to avoid burdening unreasonably a person

Ms. Cross has moved to dismiss the complaint alleging a failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).[2] (ECF No. 9.)

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007). To survive a motion to dismiss, the complaint must state a claim plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court assesses the sufficiency of the plaintiff's factual allegations in a two-step process. *See Ocasio-Herandez v. Fortuno-Burset*, 640 F.3d 1, 7, 11-13 (1st Cir. 2011). "Step one: isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Schatz v. Republican State Leadership Comm.*, 699 F.3d 50, 55 (1st Cir. 2012). "Step two: take the complaint's well-pled (*i.e.,* non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's

---

making a transaction with a foreign financial agency, the Secretary of the Treasury shall require a resident or citizen of the United States or a person in, and doing business in, the United States, to keep records, file reports, or keep records and file reports, when the resident, citizen, or person makes a transaction or maintains a relation for any person with a foreign financial agency. The records and reports shall contain the following information in the way and to the extent the Secretary prescribes:
(1) the identity and address of participants in a transaction or relationship.
(2) the legal capacity in which a participant is acting.
(3) the identity of real parties in interest.
(4) a description of the transaction.

[2] Although the pro se defendant did not reference a specific Rule, she did title her motion as "Motion to Dismiss for Failure to State a Claim." The Court, therefore, construes the motion pursuant to Rule 12(b)(6).

favor, and see if they plausibly narrate a claim for relief." *Id.* "The relevant question … in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible." *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007)).

While Ms. Cross challenges the factual allegations contained in the Complaint, factual disputes cannot be resolved in the context of a motion to dismiss. *NGM Ins. Co. v. Lorenzo*, 2012 U.S. Dist. LEXIS 81034, *7-8. "[A] primary purpose of a Rule 12(b)(6) motion is to weed out cases that do not warrant reaching the (oftentimes) laborious and expensive discovery process because, based on the factual scenario on which the case rests, the plaintiff could never win." *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 71-72 (1st. Cir. 2014). The government has met its burden in this case. To prove its case the United States must prove that the defendant was a U.S. person during the years in question, that she had a financial interest in, or signatory authority over foreign financial accounts, that the accounts had an aggregate balance of $10,000 or more, and that she failed to disclose the account or accounts to the IRS as required by law. The Complaint at issue here contains well-pled allegations of each of those elements. Because the facts alleged, when taken as true as they must be in ruling on a motion to dismiss, support a claim, the defendant's Motion to Dismiss is DENIED.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

September 25, 2023

4